[No. 45213-4-I. Division One. November 19, 2001.]

*In the Matter of the Marriage of* BARRY FRANCIS SCANLON, *Appellant,* and BONNIE JEAN WITRAK, *Respondent.*

*Barry F. Scanlon*, pro se.
*Carol Farr*, for respondent.

BAKER, J. — Barry Scanlon appeals an order on modification of child support that increased his child support obligation, allocated long distance transportation expenses and tax exemptions, and ordered postsecondary educational support, but failed to address his request for attorney fees. We reverse.

I

Barry Scanlon and Bonnie Witrak, both physicians, dissolved their marriage in 1987 by decree of divorce entered

in the state of Georgia, where the parties lived during their marriage and Scanlon continues to reside. The decree awarded custody of the parties' two children to Witrak. Scanlon was ordered to pay support of $350 per child per month until they reached the age of 18, as well as all uninsured medical expenses. Witrak and the children moved to Washington, where she later remarried.

In 1998, Scanlon petitioned in King County Superior Court to modify his child support, alleging a reduction in his income. He also requested allocation of long distance transportation expenses and an award of the federal income tax exemptions for the children. In response, Witrak requested an increase in support, and payment of postsecondary educational expenses and support until the children were 23 years old.

Witrak conducted no discovery. Upon trial by affidavit, both parties presented the court with little relevant evidence, focusing almost exclusively on mutual accusations of misconduct. A commissioner pro tempore entered an order increasing Scanlon's child support obligation, ordering postsecondary educational support and long distance transportation expenses, and awarding the tax exemptions to Witrak. On Scanlon's motion for revision, the order was affirmed as to transportation expenses and postsecondary educational support, but remanded for entry of findings of fact. After findings were entered, the court denied Scanlon's second motion for revision. He appeals.

II

Scanlon first argues that the court had no authority to grant the relief Witrak requested because she failed to prove a substantial change of circumstances supporting a modification.[1] But Scanlon is the petitioner in this action and once a basis for modification has been established, a court may modify the original order in any respect, which

[1] See RCW 26.09.170(1).

includes granting the relief requested by the respondent.[2] Scanlon nevertheless contends that his petition failed to assert a sufficient basis for modification and instead supports only an adjustment. He claims that an adjustment action is narrower in scope than a modification action, thus limiting the relief a trial court can grant. We agree.

RCW 26.09.170 states in relevant part:

(1) . . . [T]he provisions of any decree respecting maintenance or support may be modified: . . . except as otherwise provided in subsections . . . (8) . . . of this section, only upon a showing of a substantial change of circumstances.

. . . .

(8)(a) All child support decrees may be adjusted once every twenty-four months based upon changes in the income of the parents without a showing of substantially changed circumstances. Either party may initiate the adjustment by filing a motion and child support worksheets.

(b) A party may petition for modification in cases of substantially changed circumstances under subsection (1) of this section at any time. However, if relief is granted under subsection (1) of this section, twenty-four months must pass before a motion for an adjustment under (a) of this subsection may be filed.

. . . .

(d) A parent who is receiving transfer payments who receives a wage or salary increase may not bring a modification action pursuant to subsection (1) of this section alleging that increase constitutes a substantial change of circumstances.

When interpreting a statute, we do not construe a statute that is unambiguous, but rather assume that the Legislature means exactly what it says.[3] Plain words do not require construction.[4] The terms in RCW 26.09.170 reflect no ambiguity.

RCW 26.09.170(1) envelopes an adjustment action within

---

[2] RCW 26.09.170.

[3] *Davis v. Dep't of Licensing*, 137 Wn.2d 957, 963-64, 977 P.2d 554 (1999).

[4] *Davis*, 137 Wn.2d at 964.

the purview of a modification, making an adjustment a form of modification. But the statute makes plain by the qualifying circumstances and procedural requirements of each that an adjustment action is more limited in scope. A full modification action is commenced by service of a summons and petition and it is resolved by trial.[5] It may be sustained only under certain prescribed circumstances.[6] In this case, the relevant prerequisite is a substantial change of circumstances,[7] which Washington courts have consistently held is one that was not contemplated at the time the original order of support was entered.[8] A full modification action is significant in nature and anticipates making substantial changes and/or additions to the original order of support.

By contrast, parties may adjust an order of child support every 24 months on a change of incomes, without showing a substantial change in circumstances.[9] This routine action may be effected by filing a motion with the court for a hearing.[10] No summons or trial is necessary. An adjustment action therefore simply conforms existing provisions of a child support order to the parties' current circumstances.

Scanlon alleged in his petition only that more than 24 months had passed and there had been a change in incomes of the parties. He argues that this is insufficient to constitute a substantial change of circumstances. Indeed, RCW 26.09.170(8)(a) explicitly states that the mere passage of time and routine changes in incomes do not constitute a substantial change in circumstances. But some changes in incomes are such that they will not have been contemplated

[5] RCW 26.09.175.

[6] RCW 26.09.170.

[7] RCW 26.09.170(1).

[8] *See In re Marriage of Arvey*, 77 Wn. App. 817, 894 P.2d 1346 (1995) (reduction in father's income and mother's reemployment not substantial change of circumstances because the reduced income was not permanent and mother's employment was contemplated at the time decree was entered).

[9] RCW 26.09.170(8)(a).

[10] RCW 26.09.170(8)(a).

by the parties at the time the previous order of child support was entered and thus a change in incomes could constitute a substantial change of circumstances.

The findings of the commissioner pro tempore, adopted by the revision court, did not address the issue of changed circumstances supporting a modification. Nor did the revision court enter any findings of fact or conclusions of law regarding changed circumstances to support a modification. This failure requires reversal and remand for entry of findings,[11] but because the record does not support the order of child support in any respect, we provide guidance in our opinion in order to minimize the parties' expense on remand.

■ In this case, 11 years had passed from the entry of the original decree and Scanlon's petition to modify child support. During that period of time, Witrak's income increased to more than $270,000 per year. This does not appear to be a routine or ordinary increase in income contemplated by the parties at the time the original decree was entered. Moreover, the record reflects that Witrak has remarried a physician of substantial wealth. Her household assets now exceed $5 million and her gross annual household income is more than $800,000. Witrak's remarriage and subsequent accumulation of wealth was also not contemplated at the time the original decree was entered. Thus, this may be a case where a change of incomes does constitute a substantial change of circumstances.

■ Turning to the provisions of the order itself, Scanlon first argues that the revision court failed to consider all sources of Witrak's income when it calculated her net income for the purposes of child support. We review an order on modification of child support for abuse of discretion, which occurs if the decision is manifestly unreasonable or based on untenable grounds.[12] A court necessarily

[11] CR 52(a)(2)(B); *In re Marriage of Stern*, 68 Wn. App. 922, 926-27, 846 P.2d 1387 (1993).

[12] *In re Marriage of Schumacher*, 100 Wn. App. 208, 211, 997 P.2d 399 (2000).

abuses its discretion if its decision is based on an erroneous view of the law.[13] In determining a parent's net income, a court must include, inter alia, wages, overtime, interest and dividend income, and capital gain.[14] The 1997 joint federal income tax return of Bonnie Witrak and her husband evidences taxable interest income of $26,180, dividend income of $9,218, and capital gains of $37,600.[15] Although this income could be the separate income of Witrak's husband and therefore properly excluded from the worksheets,[16] property acquired during a marriage is presumptively community property, absent clear and convincing evidence to the contrary.[17] Because no evidence in the record rebuts the community property presumption, one-half of this income should be included in the income of Witrak on remand.

▉ Scanlon also contends that the $250 per month health insurance credit to the mother on the child support worksheets is unsupported by the evidence. In reaching a net child support transfer payment, a parent who pays for health insurance is allowed a credit against his or her basic support obligation equal to the cost of the insurance.[18] This credit may not include any premiums paid by the parent's employer, other third party, or any portion of premium not covering the children at issue.[19] In this case, the only evidence in the record concerning health insurance reflects Witrak's payment of $15 per month for dental insurance for the children, and 50 cents per pay period for health insurance for Witrak's entire family. On remand, the child

---

[13] *Wash. State Physicians Ins. Exch. & Ass'n v. Fisons Corp.*, 122 Wn.2d 299, 339, 858 P.2d 1054 (1993).

[14] RCW 26.19.071(3).

[15] Witrak's 1995 and 1996 tax returns also reflect dividend and interest income as well as capital gain.

[16] *See* RCW 26.19.071(4).

[17] RCW 26.16.030; *In re Marriage of Olivares*, 69 Wn. App. 324, 331, 848 P.2d 1281 (1993).

[18] Ch. 26.19 RCW, App., Health Care Expenses.

[19] Ch. 26.19 RCW, App., Health Care Expenses.

support worksheets should be corrected to reflect Witrak's actual health insurance payments.

Scanlon next claims that the court's findings of fact do not justify an award of child support in excess of the maximum amounts set forth on the child support economic table. RCW 26.19.020 sets forth the schedule from which basic child support obligations for dependent children are determined in relation to the parents' combined monthly net incomes.[20] The upper limit of the economic table is a combined monthly net income of $7,000.[21] When combined incomes exceed $7,000, a court may set support up to the maximum set forth on the schedule or it may exceed that amount upon written findings of fact.[22] In this case, the court determined that the parties' combined monthly net income was $15,824.36.

Scanlon contends that the revision court should have considered the standards for deviation in determining whether to exceed the economic table.[23] Although RCW 26.19.011(4) defines a deviation as "a child support amount that differs from the standard calculation,"[24] which is the child support based on a combined monthly net income up to and including $5,000,[25] the Appendix to chapter 26.19 RCW modifies this definition by stating, "[i]n general setting support . . . [in excess of the economic table] does not constitute a deviation."[26] Moreover, in *In re Marriage of Leslie*,[27] we held that exceeding the maximum amount of support provided by the economic table is not a deviation. Instead, a court may exceed the support provided by the

---

[20] Ch. 26.19 RCW, Appendix.

[21] RCW 26.19.020.

[22] RCW 26.19.065(3).

[23] *See* ch. 26.19 RCW.

[24] RCW 26.19.011(8).

[25] *See* RCW 26.19.020.

[26] Ch. 26.19 RCW, App., Limitations Standards.

[27] 90 Wn. App. 796, 804, 954 P.2d 330 (1998), *review denied*, 137 Wn.2d 1003 (1999).

schedule "commensurate with the parents' income, resources, and standard of living," and consistent with legislative intent after considering the totality of the financial circumstances.[28] Other factors to consider are whether the support provides for the basic needs of the dependent child and whether the support is equitably apportioned between the parents.[29]

In this case, the commissioner made the following findings of fact relevant to the award of child support:

1. There is no admissible evidence that the petitioner is underemployed.

2. Petitioner/father's business expenses are as shown on his tax returns. These deductions appear reasonable and are consistent throughout the years as reflected on his income tax returns . . . .

3. Evidence before the court is insufficient to establish that [the mother's] income is non-recurring overtime or one time only income.

4. The parties' net incomes are as shown on the child support worksheets [Scanlon: $3,195.39/mo; Witrak: $12,628.97].

5. The petitioner/father does not and has not historically seen his children for even the minimum amount of time contemplated in the statutory child support scheme (i.e. petitioner/father sees his children for less than 91 overnights each year) . . . .

6. The respondent/mother has paid for all health insurance for the children, as required by the prior court order, and has voluntarily paid for dental insurance for the children since the divorce, which has decreased the father's obligation to pay for uninsured expenses for the children. The petitioner/father has not yet paid for his share of uninsured medical and dental expenses for the children, though that matter is currently pending.

7. The respondent/mother has paid for all extracurricular activities of the children, such as lessons, since the divorce.

The revision court adopted these findings, but entered no

---

[28] *Leslie*, 90 Wn. App. at 804; RCW 26.19.001.

[29] RCW 26.19.001.

additional findings regarding the parties' respective standards of living or the needs of the children.

Instead, the revision court stated that sufficient competent evidence existed to establish that the father could earn more if he chose to do so.[30] The court made no finding imputing income to Scanlon nor did it disturb the commissioner's finding that Scanlon's net income was $3,195 per month. The record contains no evidence demonstrating that Scanlon's reduced income was voluntary and done specifically for the purposes of avoiding his child support obligation.[31] Without a clear finding of underemployment and imputation of income, the issue cannot properly be a basis for exceeding the economic tables.

 Further, although the court purported to do so, no statutory basis exists to increase a child support obligation based upon the number of overnights per year the children spend with the nonprimary residential parent. A court may reduce an obligor parent's child support obligation if the children reside with that parent for a significant period of time.[32] But the statute neither states nor implies the reverse.

 The court also erred in justifying its award on Witrak's historic payment of dental insurance and extracurricular activities. A court must determine support according to the current circumstances of the parties.[33] Moreover, "provisions of any decree respecting . . . support may be modified: (a) only as to installments accruing subsequent to the petition for modification or motion for adjustment . . . ."[34] A court may not make a retroactive award of

---

[30] There is a minute entry in the record stating that Judge Haley determined the salary data offered by Witrak to be authentic, but there is no order in the record admitting it into evidence.

[31] *See* RCW 26.19.071(6).

[32] Ch. 26.19 RCW, App., Deviation Standards.

[33] *See* ch. 26.19 RCW, App.

[34] RCW 26.09.170(1).

support.[35] To increase Scanlon's current support obligation because of expenses he did not and was not ordered to pay in the past is effectively an impermissible retroactive award of support.

In sum, the trial court's findings of fact fail to support an award of support in excess of the economic tables. In addition, the record is devoid of evidence which would allow a court to depart from the economic table. The evidence concerning the parties' respective standards of living show that Witrak's 1997 household after-tax income was $519,393, or $43,283 per month. Her declared monthly living expenses were $34,054.72, leaving a monthly excess income before receipt of child support of approximately $9,228, nearly three times the $3,195 per month the court found Scanlon's net income to be. In contrast, Scanlon's total declared expenses were $4,227 per month.

The evidence regarding the children reflects relatively modest needs. They both attend public school. Witrak declared that her clothing expense for four children[36] was $600 and that "other" unspecified child expenses were $950 per month. These expenses are not exceptional. Witrak introduced no evidence regarding the children's current extracurricular activities or other special needs.

Generally, when an obligor parent is ordered to pay an amount of support that exceeds the economic table, that parent enjoys substantial wealth in contrast to the obligee parent who lives in comparatively modest circumstances.[37] In those cases, it is appropriate for a court, in considering the standards of living of both parents, to attempt to lessen the disparity between the standard of living of the child and the wealthy parent. But it contravenes legislative intent to increase the child support obligation of an obligor parent of

---

[35] *In re Marriage of Shoemaker*, 128 Wn.2d 116, 121, 904 P.2d 1150 (1995).

[36] She has two additional children from her current marriage.

[37] *See, e.g., In re Marriage of Leslie*, 90 Wn. App. 796, 954 P.2d 330 (1998), *review denied*, 137 Wn.2d 1003 (1999); *In re Marriage of Sievers*, 78 Wn. App. 287, 897 P.2d 388 (1995).

moderate means simply because the obligee parent is affluent.

Witrak emphasizes the nominal amount of support Scanlon would otherwise be ordered to pay if the court did not exceed the guidelines,[38] but she fails to acknowledge that the reason his percentage share is small is because her income is very high. It is only because of Witrak's income that the parties' combined net incomes exceed the economic tables. Child support is designed to meet the needs of the children at issue; its sufficiency is not measured by whether it financially strains the obligor parent. On remand, the trial court should not exceed the child support economic table when calculating the parties' support obligation.

Scanlon next argues that the court erred in ordering an unspecified obligation for the children's postsecondary education and support.[39] A court has the authority to order postmajority support despite the lack of such a provision in the original decree, upon a showing of a substantial change of conditions.[40] In ordering this support, a court must abide by the following statutory requirements:

(1) The child support schedule shall be advisory and not mandatory for postsecondary educational support.

(2) When considering whether to order support for postsecondary educational expenses, the court shall determine whether the child is in fact dependent. . . . The court shall exercise its discretion when determining whether and for how long to award postsecondary educational support based upon consideration of factors that include but are not limited to the following: Age of the child; the child's needs; the expectations of the parties for their children when the parents were together; the child's prospects, desires, aptitudes, abilities or disabilities; the nature of the postsecondary education sought; and the

---

[38] Basic child support obligation is allocated between the parents based on each parent's share of the combined monthly net income. RCW 26.19.080(1).

[39] Because we granted Scanlon's motion to extend time for filing the notice of appeal, we reject Witrak's contention that Scanlon's appeal is untimely.

[40] *In re Marriage of Gimlett*, 95 Wn.2d 699, 704, 629 P.2d 450 (1981).

parents' level of education, standard of living, and current and future resources.[41]

In this case, the trial court made no findings of fact addressing the issue of postmajority support, and the record is devoid of any evidence concerning the children's needs, prospects, desires, aptitudes, and nature of the postsecondary education sought. Absent evidence supporting an award of postsecondary educational expenses and support, the order was at best premature.

Scanlon next challenges the court's allocation of long distance transportation expenses, which required that Witrak pay for the children's first visit to Atlanta and Scanlon pay for the next. RCW 26.19.080(3) requires that long distance transportation expenses be shared by the parents in the same proportion as the basic child support obligation.[42] The statute allows no room for a court to exercise its discretion in this area.[43] On remand, the long distance transportation expenses must be allocated in the same proportion as the basic child support obligation.

Finally, Scanlon appeals the trial court's failure to grant his request for attorney fees. RCW 26.09.140 authorizes a court to award attorney fees after considering both the requesting party's financial need and the other party's ability to pay.[44] A lack of findings as to either need or ability to pay requires reversal.[45] On remand, the court should consider Scanlon's request for fees.

We grant Scanlon's request for fees on appeal. His financial affidavit affirms his modest income, and evidences financial distress by reason of federal tax liens and suspension of service for nonpayment of insurance premiums, telephone charges, and professional rent. Witrak has not indicated that her ability to pay has changed. We therefore

---

[41] RCW 26.19.090.

[42] *Murphy v. Miller*, 85 Wn. App. 345, 349, 932 P.2d 722 (1997).

[43] *Murphy*, 85 Wn. App. at 349-50.

[44] *In re Marriage of Shellenberger*, 80 Wn. App. 71, 87, 906 P.2d 968 (1995).

[45] *In re Marriage of Steadman*, 63 Wn. App 523, 529, 821 P.2d 59 (1991).

182

refer determination of a reasonable attorney fee award to a commissioner of this court consistent with RAP 18.1.

Reversed.

GROSSE and ELLINGTON, JJ., concur.

Reconsideration denied December 19, 2001.

Petition for review dismissed at 146 Wn.2d 1014 (2002).