FILED
COURT OF APPEALS
DIVISION II

2013 SEP -4 AM 10: 21

STATE OF WASHINGTON
BY_____
DEPUTY

**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION II**

| | |
|---|---|
| MATTHEW ANDERSON, | No. 43125-4-II |
| Appellant, | |
| v. | |
| TAMRA ANDERSON, | UNPUBLISHED OPINION |
| Respondent. | |

PENOYAR, J. — Matthew Anderson appeals the superior court's denial of his motion to revise the commissioner's ruling adjusting his child support obligation to his former wife, Tamra Anderson. Matthew[1] argues that (1) the commissioner did not have the authority to grant the adjustment because the statutorily required 24-month waiting period had not passed since the superior court entered the child support order, and (2) the commissioner erred by failing to continue his previously allowed deviation from the statutory child support schedule. We hold that Matthew lost his right to object to the timeliness of the adjustment by affirmatively agreeing that it was timely and by asking the commissioner to grant certain specific relief to him in ruling on the motion. But we agree that the deviation that the arbitrator and the court previously ordered was improperly revoked because Tamra did not plead or prove a substantial change in circumstances. Accordingly, we reverse the superior court's denial of Matthew's motion to revise the commissioner's ruling adjusting the child support order.

## FACTS

In May 2009, Matthew and Tamra entered marital dissolution and child support agreements through arbitration. But instead of immediately filing the child support and

---

[1] We use the parties' first names for clarity; we mean no disrespect.

dissolution agreements, Matthew and Tamra waited until September 10, 2010, (roughly 16 months) before filing these documents with Pierce County Superior Court. Approximately 12 months later, Tamra filed a motion to adjust the child support order with a superior court commissioner, stating:

> It [has been] more than 24 months since the [child support] order was entered by arbitration dated May 17, 2009 or since the last incremental change went into effect, whichever is later, and there have been changes in the economic table or standards in RCW 26.19 as follows: . . . Since the amount of child support was arbitrated a new standard for the calculation of child support was adopted by the State. . . . There is no longer any factual basis to allow Father a deviation in his child support obligation.

Clerk's Papers (CP) at 113-14.

Matthew filed a responsive declaration agreeing that "it [had] been more than two years since support was last ordered," but requesting the court to enter an order that would continue to permit his previously allowed deviation from the statutory child support schedule. CP at 157. The commissioner granted Tamra's motion and adjusted Matthew's child support obligation upward; the commissioner denied Matthew's request to continue his deviation, finding that "no good reasons exist[ed] to justify the deviation." CP at 187.

Following a substitution of counsel, Matthew moved the superior court to revise the commissioner's ruling, arguing that Tamra's motion to adjust should have been denied because it was premature under RCW 26.09.170(7)(a); he also argued that the commissioner erred by terminating his previously allowed deviation. The superior court denied the motion. Matthew appeals the superior court's denial.

## ANALYSIS

I.    TIMELINESS OF THE CHILD SUPPORT ADJUSTMENT

Matthew argues that the superior court erred by denying his motion to revise because the 24-month waiting period in RCW 26.09.170(7)(a) is clear and begins to run when the initial child support order is filed with the superior court. We conclude that Matthew waived this issue by agreeing before the commissioner that Tamra's adjustment action was timely.[2]

A.    Statutory Interpretation and Plain Meaning

The interpretation and applicability of a statute presents questions of law that we review de novo. *Grey v. Leach*, 158 Wn. App. 837, 844, 244 P.3d 970 (2010). When interpreting a statute, we seek to ascertain the legislature's intent. *State v. Jacobs*, 154 Wn.2d 596, 600, 115 P.3d 281 (2005). Where a statute's meaning is plain on its face, we must give effect to that meaning as expressing the legislature's intent. *Jacobs*, 154 Wn.2d at 600.

Among other things, RCW 26.09.170 governs a parent's ability to modify a child support order; modifications generally are limited to situations where there has been a "substantial change of circumstances."[3]  RCW 26.09.170(1). As an exception to this general limitation, RCW 26.09.170(7)(a) provides,

> If twenty-four months have passed from the date of the entry of the order or the last adjustment or modification, whichever is later, the order may be adjusted without a showing of substantially changed circumstances based upon: (i)

---

[2] Though Tamra does not argue waiver in any detail, she does rely on the fact that Matthew agreed the 24-month period had run. *See Casper v. Esteb Enters., Inc.*, 119 Wn. App. 759, 771, 82 P.3d 1223 (2004) (under invited error doctrine, party may not set up error at trial and then complain of it on appeal). Moreover, we may affirm on any basis the record supports. *Truck Ins. Exch. v. Vanport Homes, Inc.*, 147 Wn.2d 751, 766, 58 P.3d 276 (2002).

[3] Neither party in this case alleges substantially changed circumstances, so no claim exists under RCW 26.09.170(1).

[c]hanges in the income of the parents; or (ii) [c]hanges in the economic table or standards in chapter 26.19 RCW.

Neither party explains the lengthy delay in entering the child support agreement following arbitration. Br. of Appellant at 6; Br. of Resp't at 10. But there is no question that the adjustment was sought less than 24 months after the arbitrator's decision was filed with the court. RCW 26.09.170(7)(a) permits adjustments only "*[i]f twenty-four months have passed from the date of the entry of the order.*" (Italics added). Thus, under the plain meaning of the statute, Tamra's motion was untimely.[4]

B.     Waiver

We conclude, however, that Matthew waived the ability to raise the timeliness issue in his motion for revision and on appeal when he responded to Tamra's motion for adjustment by asserting before the commissioner that the 24-month period had run and by requesting substantive relief.

Waiver can occur if the defendant's assertion of a defense is inconsistent with his previous behavior. *Haywood v. Aranda*, 143 Wn.2d 231, 239, 19 P.3d 406 (2001). Although jurisdictional time limits cannot be waived, nonjurisdictional time periods are subject to waiver. *See State v. Walker*, 153 Wn. App. 701, 705 n.2, 224 P.3d 814 (2009) (because criminal statute of limitations is jurisdictional, unlike civil statute of limitations, it cannot be waived). *See also Hazel v. Van Beek*, 135 Wn.2d 45, 61, 954 P.2d 1301 (1998) (if judgment life-span was "normal"

---

[4] Tamra argues that the arbitrator's decision should be treated as filed with the court when it was made, asserting that (1) the arbitration statutes should be read together with title 26 RCW so that arbitrators' decisions are treated like court orders and (2) the trial court here made the child support order effective to the date the arbitrator entered it and thus it should be treated as though filed with the court on that date. Though both lines of reasoning have arguable merit, we resolve the issue on the legal consequences that flow from Matthew's affirmatively informing the commissioner that the 24-month period had in fact elapsed and requesting that the commissioner grant him affirmative relief.

statute of limitations, petitioner could argue equitable tolling); *State v. Duvall*, 86 Wn. App. 871, 874, 940 P.2d 671 (1997) ("ordinary" statutory time limitation, as opposed to jurisdictional limit, may be waived).

A court has jurisdiction after a party commences or institutes an action. *Lewis County v. W. Wash. Growth Mgmt. Hearings Bd.*, 113 Wn. App. 142, 153-54, 53 P.3d 44 (2002). At issue here is a child support adjustment action brought well after the commencement of the initial dissolution action and the court's assumption of continuing jurisdiction over that action. As stated, RCW 26.09.170 outlines some of the procedures for modifying child support orders, and subsection (7) allows the parties to adjust a child support order every 24 months without showing a substantial change in circumstances. *Kauzlarich v. Dep't of Soc. & Health Servs.*, 132 Wn. App. 868, 874, 134 P.3d 1183 (2006); *In re Marriage of Scanlon*, 109 Wn. App. 167, 173, 34 P.3d 877 (2001). A 24-month adjustment action under RCW 26.09.170(7) is a routine action that may be effected by moving for a hearing; no summons or trial is necessary. "An adjustment action therefore simply conforms existing provisions of a child support order to the parties' current circumstances." *Scanlon*, 109 Wn. App. at 173.

It is clear that the 24-month time period set forth in RCW 26.09.170(7) is nonjurisdictional in nature and may be waived. The civil rules support this conclusion, as CR 8(c) provides that a party "shall set forth" in an answer to a preceding pleading "any . . . matter constituting an avoidance or affirmative defense." Generally, affirmative defenses are waived unless they are affirmatively pleaded under CR 8, asserted in a motion under CR 12(b), or tried by the express or implied consent of the parties. *Henderson v. Tyrrell*, 80 Wn. App. 592, 624, 910 P.2d 522 (1996).

The doctrine of judicial estoppel also supports waiver in this case. "'Judicial estoppel is an equitable doctrine that precludes a party from asserting one position in a court proceeding and later seeking an advantage by taking a clearly inconsistent position.'" *Arkison v. Ethan Allen, Inc.*, 160 Wn.2d 535, 538, 160 P.3d 13 (2007) (quoting *Bartley-Williams v. Kendall*, 134 Wn. App. 95, 98, 138 P.3d 1103 (2006)). In determining whether the doctrine applies, we consider (1) whether a party's later position is clearly inconsistent with its earlier position; (2) whether judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled, and (3) whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped. *Kellar v. Estate of Kellar*, 172 Wn. App. 562, 580, 291 P.3d 906 (2012).

Matthew's assertion in the superior court that Tamra's adjustment motion was untimely was clearly inconsistent with his agreement on its timeliness before the commissioner. The commissioner was misled on that issue by the parties' agreement, and Tamra relied on that agreement in her appearances before both the commissioner and the superior court. Having lost on the merits in the adjustment proceeding, Matthew cannot have a second bite of the apple; he has lost the right to subsequently assert a procedural defense that he had formerly repudiated.

C.    Deviation Revocation

Despite our holding regarding Matthew's waiver of the timeliness issue, we conclude that he is entitled to relief based on his additional challenge to the commissioner's deviation ruling. By its nature, an adjustment action does not require the moving party to show a substantial change in circumstances to obtain relief. 1 WASH. STATE BAR ASS'N, WASH. FAMILY LAW DESKBOOK, § 28.7(3), at 28-73 (2nd ed. 2000 and Supp. 2012). RCW 26.09.170(7) allows an

6

adjustment of child support based on changes in the parties' incomes or changes in the economic table or standards in chapter 26.19 RCW. RCW 26.09.170(7)(a)(i), (ii). The court's authority under this statute is limited to simply conforming existing calculations in a child support order to the parties' current circumstances and the current statutory standards. 1 FAMILY LAW DESKBOOK, at 28-72. Absent a substantial change of circumstances, a court does not also have authority in an adjustment proceeding to modify a prior court's deviation decision. *See In re Marriage of Trichak*, 72 Wn. App. 21, 23-24, 863 P.2d 585 (1993) (prior court's deviation may be modified where substantial change in circumstances is shown).

## II.    ATTORNEY FEES

Matthew has requested attorney fees on appeal; Tamra has not. The prevailing party is entitled to an award of reasonable attorney fees on appeal if such recovery is allowed by statute, rule, or contract, and if the party requests fees under RAP 18.1(a). *Malted Mousse, Inc. v. Steinmetz*, 150 Wn.2d 518, 535, 79 P.3d 1154 (2003). Where both parties prevail on major issues, however, neither is the prevailing party for the purpose of RAP 18.1. *Seashore Villa Ass'n v. Hugglund Family Ltd. P'ship*, 163 Wn. App. 531, 547, 260 P.3d 906 (2011), *review denied*, 173 Wn.2d 1036 (2012). We decline to award Matthew attorney fees on appeal because he prevailed only in part, noting in addition that he failed to cite to authority supporting his request. *Coballes v. Spokane County*, 167 Wn. App. 857, 869, 274 P.3d 1102 (2012).

We reverse the superior court's denial of Matthew's motion to revise the commissioner's ruling adjusting the child support order.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Penoyar, J.

We concur:

Hunt, P.J.

Bjorgen, J.