## IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION THREE

| | | |
|---|---|---|
| In re the Marriage of: | ) | |
| | ) | No. 31025-6-III |
| BRANDON MUNN, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| AMANDA MUNN, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

SIDDOWAY, C.J. — Amanda Munn appeals the findings, conclusions, and orders entered at the conclusion of her marriage dissolution trial, arguing that the trial court abused its discretion in failing to award her back child support and in entering inadequate findings explaining why it withheld that award. The record reveals that Ms. Munn failed to present a sufficient request, supporting evidence, and argument in support of such an award at trial. Under the circumstances, the trial court's finding that no back support was owed was supported by the fact that Ms. Munn's requests for temporary support had all been denied. We affirm.

### FACTS AND PROCEDURAL BACKGROUND

Brandon and Amanda Munn were divorced in June 2012, following 17 years of marriage and a 2-year separation. At the time of trial, they had 5 children together, ranging from ages 7 to 18.

Most of Mr. Munn's working life had been spent working on his parents' central Washington farm. He moved to Idaho to attend college and on his return to Benton County, Washington, began helping his parents with what was then their 3,000-acre farming operation. Over the years, Mr. Munn and his brother assumed greater responsibility for a vastly larger operation. By 2009, Mr. Munn was a partner in several limited liability companies formed to carry on what had become the Munn family's farming, packing, and trucking operations.

In 2009, problems that Mr. and Ms. Munn were having in their marriage began to affect the larger family's business operations and eventually Mr. Munn was told by his father that other family members insisted on buying out Mr. and Ms. Munn's interests. On terms that were agreed in the summer of 2010, Mr. Munn received the semitrucks and other equipment owned by Munn Ag Services LLC, the family's over-the-road trucking operation, and the right to use the Munn Ag Services name. Ms. Munn received a promise of a payment of $350,000 in installments, bearing interest, which, at the time of the dissolution trial, she had been drawing on at the rate of $5,000 per month or more, as needed.

Although Ms. Munn apparently raised the issue of temporary child support more than once between the 2010 commencement of the dissolution action and the April 2012 trial, Mr. Munn was never ordered to pay temporary child support. Mr. Munn's own lawyer raised that fact in his direct examination of his client at trial, without objection:

Q    Were you in a position to pay child support in 2011?
A    No.
Q    That issued [sic] had been brought before the Court on several occasions by your wife; is that right?
A    That's correct.
Q    And in spite of those motions being filed, there was no court order entered either, one, obligating you to pay child support or, two, to pay spousal maintenance; is that correct?
A    That's correct.

Report of Proceedings (Apr. 23, 2012) (RP) at 42. Ms. Munn's lawyer made no effort through cross-examination to contradict or clarify the testimony that his client had made requests for temporary support that had been denied.

Mr. Munn testified at the dissolution trial that Munn Ag Services' financial performance had changed "drastically" after he began operating the business as a stand-alone. RP at 19. He attributed the demise in its fortunes to two factors: first, he was no longer hauling for the Munn family farms, which had formerly accounted for most of Munn Ag Service's revenue; and second, neither Munn Ag Services nor he had ever borrowed money directly for its operations, as a result of which the business had no credit history and was unable to obtain needed financing. His personal tax returns were admitted into evidence and showed an adjusted gross income of <$5,919> for 2010 and <$266,362> for 2011.

Although he had paid no temporary child support during the two years the divorce was pending, Mr. Munn testified that while the divorce was pending, he had covered the cost of health insurance (medical, dental, and vision) for his wife and their children; that

3

he covered his wife's auto insurance; and that he made payments through March 2011 on the mortgage to the marital home in which Ms. Munn and four of the children were living. He also paid expenses for the parties' oldest daughter, who moved in with him in October 2010, and he paid the expenses associated with his younger children's visitation, which was every other Thursday through Monday, and then Thursday evenings every other week.

In late June 2012, the court entered findings, conclusions, and a decree, dividing the parties' property and dissolving their marriage. In a final child support order entered several months later, it ordered Mr. Munn to pay $932.56 a month in child support for the parties' four youngest children, basing the support obligation on its finding that Mr. Munn's actual monthly net income was $4,716 and that a reasonable imputed monthly net income for Ms. Munn, who it found was voluntarily unemployed, was $1,567. The trial court awarded no back child support, stating in section 3.20 of the standard order of child support form, "No back child support is owed at this time." Clerk's Papers at 41.

Ms. Munn timely appealed from the trial court's findings, conclusions, and decree.

ANALYSIS

Ms. Munn raises only one issue on appeal: she argues that the trial court abused its discretion in denying her request for back child support. She points out that it was uncontested in the trial court that no order for temporary child support was ever entered and that at no time before trial had Mr. Munn ever made any child support payment

4

directly to her. She also argues that the trial court's one sentence finding—that "[n]o back child support is owed at this time"—was insufficient and insufficiently supported by the record.

"A trial court's setting of child support will not be disturbed on appeal unless the spouse challenging the decision demonstrates a manifest abuse of discretion." *In re Marriage of Crosetto*, 82 Wn. App. 545, 560, 918 P.2d 954 (1996). A court abuses its discretion if its decision is "manifestly unreasonable or based on untenable grounds." *In re Marriage of Scanlon*, 109 Wn. App. 167, 174, 34 P.3d 877 (2001).

An award of temporary child support is not automatic; a parent who believes there is a factual basis for being awarded such support *"may* move for . . . temporary support of children." RCW 26.09.060(1)(b) (emphasis added). By comparison, chapter 26.09 RCW provides that as part of a court's ultimate disposition of a proceeding to dissolve a marriage, the court *"shall* order either or both parents owing a duty of support to any child of the marriage . . . to pay an amount determined under chapter 26.19." RCW 26.09.100(1) (emphasis added). Significantly, whether the issue of child support is addressed pendente lite or in connection with the decree, the court is required to apply the child support schedule provided by chapter 26.19 RCW. *See* RCW 26.19.035(1)(d) (providing that the child support schedule is to be applied "[i]n setting temporary and permanent support").

5

The record presents more questions for Ms. Munn's appeal than it provides answers—and since she bears the burden of demonstrating an abuse of discretion by the trial court, this proves fatal to her appeal. Although the uncontested testimony was that Ms. Munn had raised the issue of temporary child support with the court "on several occasions," Mr. Munn was never ordered to pay it. We have not been provided on appeal with any record of these requests, their disposition, or the reason for their disposition. Ms. Munn has not appealed any order that denied her temporary child support nor does she argue whether, or why, the trial court abused its discretion in denying temporary support.

Even more puzzling is the absence from the pretrial and trial record before us of any request to the trial court that as part of the court's final orders Ms. Munn be awarded child support for the period from March 2010 through June 2012. Opening statements and closing arguments were not transcribed, so we have been presented with no argument by Ms. Munn during trial that she was entitled to child support for those two years. The clerk's papers contain no response to the petition, no trial management report, and no other pleading indicating that Ms. Munn was asking the court to award child support for the pretrial period. The trial testimony was transcribed and includes undisputed testimony that Mr. Munn paid no child support directly and that his wife requested such support but it was not ordered—yet this testimony was elicited in the first instance by Mr. Munn, who evidently believed that it advanced his position. There is no trial testimony

6

suggesting why, although temporary support was denied, it should be ordered after-the-fact as back support. The record includes no evidence, testimonial or otherwise, as to the parties' relevant net monthly earnings or an amount that Ms. Munn sought to have awarded for the two-year period.

Several legal obstacles to Ms. Munn's request for back support were not addressed by her in the trial court or on appeal. Unlike the Uniform Parentage Act of 2002 (chapter 26.26 RCW) the dissolution of marriage act (chapter 26.09 RCW) does not authorize an award of back child support. 1 WASH. STATE BAR ASS'N, WASHINGTON FAMILY LAW DESKBOOK § 28.2(2)(a), at 28-8 (2d ed. & 2012 Supp.); *cf.* RCW 26.26.130(3) (under the parentage act (unlike the marriage dissolution act) the judgment and order shall contain "the extent of any liability for past support furnished to the child"). In the case of marriage dissolution, the superior court may use its equitable powers to create a child support obligation after the need for support arises, but such a result has been allowed rarely and only in cases where the decree is silent as to support. *In re Marriage of Shoemaker*, 128 Wn.2d 116, 123, 904 P.2d 1150 (1995). When it does exist, the right of equitable contribution is limited to an amount equal to one-half of actual expenditures on behalf of the child. *Id.*

Moreover, if the superior court *did* deny Ms. Munn's request for temporary child support as the undisputed testimony at trial suggests, then that order (or those orders) were subject to appeal but not to retroactive modification. RCW 26.09.170(1) establishes

the conditions for modifying a child support order and states, in relevant part, that "[e]xcept as otherwise provided . . . the provisions of any decree respecting maintenance or support may be modified: (a) Only as to installments accruing subsequent to the petition for modification." In *Shoemaker*, 128 Wn.2d 116, the Washington Supreme Court held that if an order has previously been entered that excuses a parent from paying child support, then RCW 26.09.170(1) bars a superior court from imposing a child support obligation retroactively, even if the facts would have supported imposing that obligation prospectively at an earlier time. Since the trial court is required by chapter 26.19 RCW to apply the same standards in its temporary and final orders for support, denial of temporary support forecloses retroactive modification.

Ms. Munn contends the trial court entered insufficient findings in support of its decision not to award back child support. Under RCW 26.19.035(2), a child support order must "be supported by written findings of fact upon which the support determination is based" and must "include reasons for any deviation from the standard calculation and reasons for denial of a party's request for deviation from the standard calculation." The trial court entered extensive and sufficient findings on the basis for the parties' *prospective* child support obligations. While the court entered only one finding with respect to back child support, we conclude that, while spare, it was sufficient.

We do not know why temporary support was not ordered—whether it was because the trial court concluded that Mr. Munn was temporarily in a negative earning situation,

8

whether it concluded that the amounts he was paying toward expenses of the children and Ms. Munn were a reasonable substitute for support, or whether it was for some other reason. What *is* clear is that temporary support was not ordered pendente lite when requested, and that at trial, Ms. Munn never presented any request, evidence, or argument as to why child support for that period should or could be revisited. On the record before the court, its finding that "[n]o back child support is owed at this time" was supported by the only evidence in the record that was relevant: child support for the period prior to trial had been requested and denied. There is nothing more the court could have been expected to say.

Affirmed.

A majority of the panel has determined that this opinion will not be printed in the Washington Appellate Reports but it will be filed for public record pursuant to RCW 2.06.040.

_____
Siddoway, C.J.

WE CONCUR:

_____
Fearing, J.

_____
Lawrence-Berrey, J.

9