# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

In the Matter of the Marriage of )
)    No. 70900-3-I
JULIE DAVIS, )
)    DIVISION ONE
   Respondent/Cross-Appellant, )
)    UNPUBLISHED OPINION
   and )
)
PAUL DAVIS, )
)
   Appellant/Cross-Respondent. )    FILED: November 10, 2014

TRICKEY, J. — Paul Davis appeals a child support order, challenging the trial court's adjustment of child support for his son based on the economic table for a one child family when he also pays postsecondary educational support to his daughter. Julie Davis has filed a conditional cross-appeal, contending that the trial court should determine afresh Paul's income if this court remands for recalculation of child support. Because the trial court erred by applying the one child family amount when Paul pays support for two children, we reverse. We also reject Julie's cross-appeal and deny her request for attorney fees.

## FACTS

Paul and Julie married in May 1992, and separated in September 2009.[1] In May 2011, the parties agreed to terms of a parenting plan for their two children, A.D. and S.D. In December 2012, after a trial, the court entered orders dissolving their marriage and requiring Paul to pay child support. The court also ordered Paul to pay spousal maintenance of $3,500.00 per month to Julie until

---

[1] For clarity, this opinion refers to both parties by their first names. No disrespect is intended.

September 30, 2014, after which he will pay $1,750.00 per month for up to an additional year depending on Julie's employment. The child support order provides, "The parents shall pay for the post secondary educational support of the children. Post secondary support provisions will be decided by agreement or by the court."[2]

The December 2012 order of child support states S.D.'s age as 11 and A.D.'s age as 17. Referring to the attached "WORKSHEET #1," the order lists Paul's monthly net income and an imputed monthly net income for Julie and directs Paul to pay a total standard calculation amount of $1,502.00 per month.[3] Worksheet #1 lists basic child support obligations of $1,088.00 for S.D. and $1,345.00 for A.D. The order states, "[S.D.] turns 12 in May of 2013. The father's support obligation shall be adjusted beginning June 1, 2013 to $1,668.00, as set forth on the attached WORKSHEET #2."[4] Worksheet #2 lists the basic child support obligation as $1,345.00 for S.D. and $1,345.00 for A.D. Thus, both worksheets incorporated in the original child support order entered in December 2012 list a basic support obligation for S.D. according to the economic table for a two children family. RCW 26.19.020.

Paul appealed the dissolution decree and the child support order. We affirmed those orders in March 2014. In re Marriage of Davis, noted at 180 Wn. App. 1015, 2014 WL 1289445. In July 2013, while the first appeal was pending, Julie filed a motion in the trial court seeking an order establishing postsecondary

---

[2] Clerk's Papers (CP) at 16.
[3] CP at 13-15.
[4] CP at 17.

2

educational support for A.D. and adjusting the child support for S.D. "according to the one child family standard."[5] In response, Paul argued that because he will be supporting A.D. "as part of a post-secondary education obligation," "the child support for [S.D.] should not be modified, as is suggested in [Julie's] motion for a new calculation of child support."[6] Paul contended that his monthly support for S.D. should remain as set by Worksheet #2 attached to the December 2012 child support order, or, in the alternative, be set according to his proposed worksheet listing a reduced monthly net income for him, an increased imputed monthly gross income for Julie, and basic child support obligations as $1,389.00 for S.D. and $1,389.00 for A.D.

At a hearing on August 14, 2013, Paul argued it would be error to use the economic table for a one child family to determine support for S.D., citing In re Marriage of Daubert, 124 Wn. App. 483, 99 P.3d 401 (2004) (overruled on other grounds by In re Marriage of McCausland, 159 Wn.2d 607, 152 P.3d 1013 (2007)). Following argument, the commissioner set the amount of postsecondary educational support for A.D., used the same income figures and percentages as found by the trial court in the December 2012 orders in a new worksheet, and determined:

> With respect [to S.D.], again, . . . I have read Daubert, and it does say you have to consider that there is another child that's being supported. But, it doesn't say that that's the only consideration. We're talking, in this case, about a huge income. And, it is available to him. I don't think the six-extra $600 a month is going to continue because a lot of those expenses were for the one child that's going to be off at college. So, I am going to use the single-

---

[5] CP at 38.
[6] CP at 49.

child table for that because these are-I think it's more fair to-to the younger child to have that amount of support. Also, the father doesn't see the children so there's not any offset there for any of those expenses. And, I think it's just a reasonable amount.[7]

On August 30, 2013, the trial court entered an order of child support including an "Adjustment of Child Support obligation for [S.D.]."[8] The order incorporates a worksheet listing only S.D. and the basic support obligation from the economic table for a one child family. The order states:

Child support for [S.D.] should be based on the one child schedule. And Father's request to use the two child schedule based upon the court's order for post secondary support for the parties' other dependent child, [A.D.], is DENIED. The parents' incomes shall be as determined at trial by Judge Uhrig, for the same reasons, as set forth in the Order of Child Support entered herein December 13, 2012.[9]

Paul appeals the adjustment of his child support obligation for S.D., arguing that the trial court erred as a matter of law by using the basic support obligation for a one child family. Julie has filed a conditional cross-appeal, arguing that if this court remands the matter to the trial court, it should also order the trial court to recalculate child support based on Paul's then current income based on a loan application he completed shortly before the hearing.

ANALYSIS

Child Support Adjustment

Paul contends the trial court erred in adjusting his child support for S.D. by changing his basic child support obligation from the amount listed in the economic table for a two children family to that of a one child family. He does not

---

[7] Verbatim Report of Proceedings (Aug. 14, 2013) at 31.
[8] CP at 104-05.
[9] CP at 105.

challenge the provisions of the order regarding postsecondary educational support for A.D.

We review child support adjustments for a manifest abuse of discretion. In re Marriage of Booth, 114 Wn.2d 772, 776, 791 P.2d 519 (1990). "A court necessarily abuses its discretion if its decision is based on an erroneous view of the law." In re Marriage of Scanlon, 109 Wn. App. 167, 174-75, 34 P.3d 877 (2001).

Chapter 26.19 RCW directs the trial court to set the basic child support obligation based on the parents' combined monthly net income and the number and ages of the children "for whom support is owed." RCW 26.19.011(1), .020; In re Marriage of McCausland, 159 Wn.2d 607, 611, 152 P.3d 1013 (2007). The obligation amount is determined from an economic table. RCW 26.19.020. The amount per child is reduced with multiple children in the family. RCW 26.19.020.

When calculating the amount of postsecondary educational support, the trial court has discretion to utilize or ignore the economic table, depending on the practicalities of the situation. In re Goude, 152 Wn. App. 784, 793, 219 P.3d 717 (2009). But when, as here, a family is providing postsecondary educational support to one child as well as basic child support to another child under 18, use of the economic table is still presumptive when calculating the basic child support obligation for the younger child. Daubert, 124 Wn. App. at 503. In Daubert, the parties appealed an order modifying the amount of support for their two children and requiring each party to pay postsecondary educational support. 124 Wn. App. at 489. Observing that "[p]ostsecondary educational support is child support," we

held, "when calculating support for the younger minor children, the schedule applies and requires consideration of the postsecondary child, because this child is still a child receiving support." Daubert, 124 Wn. App. at 502-03. Although the parties had not appealed the trial court's use of the one child family column of the economic table for the calculation of basic support for the younger child, we reversed the award of support for the younger child and remanded "for recalculation based on two children receiving support." Daubert, 124 Wn. App. at 503 n.3, 506; see also, In re Marriage of Cota, 177 Wn. App. 527, 542, 312 P.3d 695 (2013) ("postsecondary educational support is part of a parent's 'child support obligation' for the purposes of the 45 percent limitation in RCW 26.19.065(1)").

Chapter 26.09 RCW provides for modification or adjustment of a child support order. RCW 26.09.170. A full modification action is "significant in nature and anticipates making substantial changes and/or additions to the original order of support." Scanlon, 109 Wn. App. at 173. An adjustment is a form of modification but more limited in scope as to qualifying circumstances and procedural requirements. Scanlon, 109 Wn. App. at 173. An adjustment action "simply conforms existing provisions of a child support order to the parties' current circumstances." Scanlon, 109 Wn. App. at 173. For example, a party may request an adjustment one year or more after entry of an order when the child is no longer in the age category on which the current support amount was based. RCW 26.09.170(6)(b). Similarly, when two years have passed since entry of an order or the last adjustment or modification, either party may request

an adjustment based on changes in the income of the parents. RCW 26.09.170(7)(a)(i).

Here, Julie did not identify statutory grounds to adjust Paul's support amount for S.D. The trial court's order characterizes the proceeding with regard to S.D. as an adjustment, but does not cite RCW 26.09.170. And the commissioner did not refer to RCW 26.09.170 at the hearing. Moreover, in August 2013, Julie was not entitled to an adjustment under RCW 26.09.170(7)(a)(i) based on changes in the parties' incomes because two years had not yet passed since the June 1, 2013 adjustment based on S.D.'s change to the greater age category. Julie fails to identify any other authority allowing or requiring an adjustment to Paul's support for S.D. in August 2013.

Even assuming grounds existed for an adjustment, the commissioner suggested that Daubert merely requires practical "consideration" of Paul's obligation to pay postsecondary educational support for A.D. as a step in calculating Paul's basic support obligation for S.D., rather than the direct application of the economic table. This was error. Because use of the economic table is presumptive for calculation of Paul's support for S.D. and because Paul supports two children, the trial court should have relied on the two children family column in the economic table to determine the basic support obligation for S.D. As set forth in Daubert, the proper recourse is to reverse the award of support for S.D. and remand for recalculation based on two children receiving support. 124 Wn. App. at 506.

Conditional Cross-Appeal

Julie contends that the trial court erred by relying on the December 2012 determinations of Paul's income following trial, rather than making findings as to Paul's current income at the August 2013 hearing regarding the adjustment of Paul's support for S.D. But she fails to identify any relevant authority supporting her claim of error or requiring the trial court to recalculate income as a part of the order setting the level of postsecondary educational support for A.D.

Because Julie fails to demonstrate error, we reject her cross-appeal. We also decline her invitation to limit the trial court's discretion on remand beyond directing a recalculation based on a two children family.

Attorney Fees

Julie requests attorney fees on appeal based on her need and Paul's ability to pay under RCW 26.09.140. Because Julie's request below for the improper adjustment to child support was the impetus for this appeal, we decline to award fees on appeal.

Reversed and remanded.

_____Trickey, J_____

WE CONCUR:

_____          _____

8