**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | | |
|---|---|---|
| In the Matter of the Marriage of: | ) | No. 83031-7-I |
| | ) | |
| ALICIA D.K. O'NEIL, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| and | ) | |
| | ) | |
| TRISTAN B. O'NEIL, | ) | |
| | ) | UNPUBLISHED OPINION |
| Appellant. | ) | |
| | ) | |

MANN, J. — Tristan O'Neil appeals a final child support order stemming from the dissolution of his marriage with Alicia O'Neil. Tristan[1] argues: (1) that because Alicia brought a request to remove a downward deviation from the child support order as a motion to adjust, not a petition to modify, the trial court lacked authority to remove the deviation; (2) that he was denied procedural due process; and (3) that he should not have been sanctioned $405 in attorney fees for requesting a continuance. We affirm.

---

[1] This opinion refers to the parties' first names for clarity. We intend no disrespect.

FACTS

On May 15, 2015, Alicia petitioned for dissolution of marriage. On April 4, 2016, Alicia and Tristan entered an agreed order of child support for their three children. Under the child support order, Tristan was to pay Alicia $400 per month. The child support order included a downward deviation from the standard calculation of $1564.88 per month. The downward deviation was based on the shared residential schedule that provided the children reside with each parent 50 percent of the time. See RCW 26.19.075(1)(d).

On March 8, 2021, Alicia moved to adjust child support, increasing Tristan's obligation to $1903.80 per month. The increase was based on an assumed increase in Tristan's wages and did not include a downward deviation. On April 8, 2021, Tristan responded, contending that Alicia's motion to adjust was procedurally improper and should have instead been filed as a petition for modification. On April 12, 2021, Alicia replied, stating that the parties did not agree that the downward deviation was nonmodifiable, and that there had been a material change of circumstance. Tristan moved to strike or continue the hearing and for fees, arguing that Alicia's reply was not a strict reply to his response and that he needed more time to consider arguments related to income. The King County Superior Court family law commissioner granted Tristan's request for a continuance until May 18, 2021, but awarded $405 in attorney fees to Alicia.

On May 11, 2021, Tristan again responded. Tristan did not contest Alicia's income calculations or the increase in child support obligations, but reiterated that an adjustment proceeding was the incorrect vehicle for removing the downward deviation.

On May 13, 2021, Alicia filed another reply and reiterated her substantive arguments that the downward deviation should be removed.

On May 18, 2021, the family law commissioner entered an order adjusting the original child support order. The commissioner determined that they could not address any claims for modification of the downward deviation because a limited motion to adjust was before them. The commissioner applied the parties' income to the current economic table using the children's ages, and applied the same downward deviation used in the original child support order. Tristan was ordered to pay $531.53 per month.

On June 18, 2021, Alicia timely moved for revision asserting that the court could in fact address claims for the modification of the downward adjustment. On July 9, 2021, Tristan responded, reasserting that the court could not modify the downward adjustment and that he did not have the chance to respond to Alicia's May 13, 2021 reply.

On July 20, 2021, the trial court granted in part and denied in part Alicia's motion for revision. The court determined that "Washington courts have general equitable power to modify <u>any order</u> pertaining to child support payments when the child's needs and parent's financial ability so require."[2] The court found that:

> Petitioner's loss of spousal maintenance, her ongoing responsibility for community debt, the children's increased expenses now that they are older, and Respondent's significantly higher income compared to Petitioner's need demonstrated in her Financial Declaration all support a finding that the downward deviation should be eliminated. Because Petitioner's justification relate[s] to financial hardship rather than any changes in residential schedule, the Court may eliminate the deviation as an "adjustment."

The court denied Tristan's motion for reconsideration.

---

[2] (Emphasis added).

Tristan appeals.

ANALYSIS

A. Downward Deviation

Tristan argues that the trial court lacked authority to remove the downward deviation. We disagree.

On appeal from a decision of a superior court revision of a court commissioner's order, we review the superior court's decision, not the commissioner's order. State v. Ramer, 151 Wn.2d 106, 113, 86 P.3d 132 (2004). "We review child support modifications and adjustments for abuse of discretion." In re Marriage of Ayyad, 110 Wn. App. 462, 467, 38 P.3d 1033 (2002). A trial court abuses its discretion if its decision is manifestly unreasonable or based on untenable grounds. In re Marriage of Scanlon and Witrak, 109 Wn. App. 167, 174, 34 P.3d 877 (2001). A court necessarily abuses its discretion if its decision is based on an erroneous view of the law. Scanlon, 109 Wn. App. at 175.

Tristan's primary contention is that, because Alicia requested the downward deviation be removed in a motion to adjust, not a petition to modify, the trial court did not have authority. Tristan ignores the trial court's broad equitable powers. "Washington courts have general and equitable powers to modify any order pertaining to child support payments when the child's needs and parents' financial ability so require." In re Marriage of Schumacher, 100 Wn. App. 208, 213, 997 P.2d 399 (2000) (citing Pippins v. Jankelson, 110 Wn.2d 475, 478, 754 P.2d 105 (1988)). As we explained in Schumacher:

> Just because the parties have an agreement on child support does not mean that the courts cannot revise it. It is true that, as a general rule,

> courts must find a substantial change of circumstances before modifying an order. But, this general rule presumes that the court independently examined the evidence after a fully contested hearing. Where a court order arises from an uncontested proceeding, we presume otherwise and, therefore, the court need not find a substantial change of circumstances.

100 Wn. App. at 213. Here, the original child support order was reached by agreement and the trial court was not obligated to find a substantial change in circumstances.

The trial court's authority is also supported by statute. RCW 26.09.170 controls modifications of maintenance and child support orders. RCW 26.09.170(5)(a) allows a party to petition for modification based on a substantial change in circumstances. Under RCW 26.09.170(9)(a), however, if 24 months have passed since entry of the order, a court may adjust the child support order without a showing of substantially changed circumstances. An adjustment is authorized where there have been changes in the income of either party. RCW 26.09.170(9)(a)(i); Scanlon, 109 Wn. App. at 173.[3] An adjustment may be initiated by either party by filing a motion and child support worksheets. RCW 26.09.170(9)(b).

Here, the trial court determined that because Alicia's motion for adjustment was based on financial hardship,[4] it need not find a substantial change in circumstances to modify the child support order by eliminating the downward deviation. Alicia's spousal support had ended, Tristan's income more than doubled, and the parties did not dispute one another's financial information. The changes examined in order to justify removal

---

[3] Some changes of incomes, however, "are such that they will not have been contemplated by the parties at the time the previous order of child support was entered and thus a change in incomes could constitute a substantial change in circumstances." Scanlon, 109 Wn. App. at 174 (holding that a spouse's income increasing to over $270,000 per year, remarrying a physician of substantial wealth, and having household assets exceeding $5 million constituted a substantial change).

[4] For the first time in reply, Tristan argues that Alicia's motion was heard on the wrong calendar. Because the issue was raised for the first time in reply, it is too late to warrant consideration. Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 809, 828 P.2d 549 (1992).

of the downward deviation were within RCW 26.09.170's adjustment provision. Further, such changes in financial information were not drastic enough to constitute a substantial change in circumstances requiring a petition to modify.

Finally, while Tristan argues for the first time on appeal that his due process rights were violated, we cannot identify what other procedures a petition to modify would afford Tristan. Alicia requested the downward deviation be removed when she first moved to adjust. Tristan has maintained the same argument through three responses, a continuance, a hearing in front of the family law commissioner, and a hearing on revision before the trial court. After agreeing on both parties' incomes, Tristan's sole assertion is that procedure was improper or that he was denied due process. After examining the procedural posture of this appeal, we cannot agree.

B. Sanction for Continuance

Tristan argues that the commissioner erred in awarding Alicia $405 for attorney fees for requesting more time to supplement his response. Tristan dedicates a single sentence in his opening brief that states "he should not have been sanctioned the $405 merely for requesting additional time to supplement his response to address items included by [Alicia] for the first time in reply." Because Tristan's argument fails to cite to any legal authority, we need not address it. RAP 10.3(a)(6); State v. Dennison, 115 Wn.2d 609, 629, 801 P.2d 193 (1990).

C. Attorney Fees on Appeal

Both parties request fees on appeal. Under RAP 18.1, a party may request reasonable attorney fees on appeal if an applicable law grants the party the right to recover attorney fees. RCW 26.09.140 provides:

The court from time to time after considering the financial resources of both parties may order a party to pay a reasonable amount for the cost to the other party of maintaining or defending any proceeding under this chapter and for reasonable attorneys' fees or other professional fees in connection therewith, including sums for legal services rendered and costs incurred prior to the commencement of the proceeding or enforcement or modification proceeding after entry of judgment.

Upon any appeal, the appellate court may, in its discretion, order a party to pay for the cost to the other party of maintaining the appeal and attorneys' fees in addition to statutory costs.

Here, after considering the financial resources of both parties, we decline to award fees to either party.

Affirmed.

_____
Mann, J.

WE CONCUR:

_____          _____
Chung, J.                                 Smith, A.C.J.